UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ISRAEL BAEZA-CONTRERAS,

                        Petitioner,

        -against-

UNITED STATES OF AMERICA,

                        Respondent.

------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

08 Civ. 5881 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:


Petitioner Israel Baeza-Contreras ("petitioner"), proceeding *pro se*, has filed a
motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For
the reasons set forth below, I respectfully recommend that the Court deny the motion in
its entirety.


## I.  BACKGROUND

On December 13, 2006, the United States (the "Government") filed Information
No. 06 Cr. 1136 (the "Information") in the Southern District of New York, charging
petitioner, a citizen of Mexico, with conspiring to distribute five kilograms and more of
cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b), and 846.  As part of a plea
agreement with the Government, petitioner pled guilty to Count One of the Information,
specifically conspiring "with others known and unknown to distribute . . . 5 kilograms and
more of mixtures and substances containing a detectable amount of cocaine in violation
of" 21 U.S.C. § 846.  Government Ex. A, Letter from Michael J. Garcia, Assistant U.S.

Attorney, to Sam Braverman, Attorney for Israel Baeza-Contreras (signed Dec. 13, 2006) [hereinafter "Plea Agreement"]; Government Ex. B, Plea Colloquy Tr. 18:1-19:4. On June 19, 2007, petitioner was sentenced to a term of imprisonment of 108 months, three years' supervised release, and a $100.00 special assessment.  Government Ex. C, Sentence Tr. 12:16-20.   Pursuant to the Plea Agreement, petitioner understood that he waived his right to appeal any sentence term that fell within or below the stipulated guidelines range of 120 to 135 months.  Government Ex. B, Plea Colloquy Tr. 13:20-14:5.  District Judge Stephen C. Robinson also advised petitioner that he could appeal his conviction if he believed that his plea "was somehow unlawful or involuntary or if there was some other fundamental defect in the proceeding that was not waived" by his guilty plea or his agreement with the Government, or that his sentence was contrary to the law.  Government Ex. C, Sentence Tr. 15:16-22.

On or about June 6, 2008, petitioner filed the instant petition in which he challenges his conviction and his sentence on the grounds that (1) the court lacked personal and subject matter jurisdiction; (2) he received ineffective assistance of counsel; (3) he was searched and detained in violation of his due process rights; (4) his plea was not voluntary and intelligent; (5) he was denied the right to a jury; (6) there was prosecutorial misconduct; (7) his sentence was excessive; and (8) he is actually innocent.

## II.  STANDARD OF REVIEW

A federal prisoner who challenges his sentence via a motion pursuant to 28 U.S.C. § 2255 must allege either: (1) the sentence was imposed in violation of the

Constitution or laws of the United States; (2) the sentencing court lacked the proper

jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the

sentence is otherwise subject to collateral attack.  See 28 U.S.C. § 2255.  The Second

Circuit has held that "[c]ollateral attack on a final judgment in a criminal case is

generally available under 2255 only for a constitutional error, a lack of jurisdiction in the

sentencing court or an error of law or fact that constitutes a fundamental defect which

inherently results in a complete miscarriage of justice."  Graziano v. United States, 83

F.3d 587, 590 (2d Cir. 1996) (quotation and citation omitted).  A federal prisoner

seeking section 2255 relief bears the burden of proving the factual predicate for his

claim.  See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005).


**III.  JURISDICTION**

Petitioner contends that the District Court lacked personal and subject matter

jurisdiction to adjudicate his criminal case.  The Government argues that the District

Court did have both personal and subject matter jurisdiction.

(A)  Personal Jurisdiction

In the context of criminal matters, personal "[j]urisdiction is presumed by virtue of

the defendant's presence."  United States v. Bodmer, 342 F. Supp. 2d 176, 188

(S.D.N.Y. 2004) (citation omitted).  Instead, courts inquire as to whether venue is

proper.  Id.  The Constitution provides that: "'[t]he Trial of all Crimes . . . shall be held in

the State where the said Crimes shall have been committed.'"  Id. (citing U.S. Const. art.

III, § 2, cl. 3).  Furthermore, the laws of the United States require that if a "defendant is

arrested in the district where the offense was allegedly committed," a defendant's initial

appearance in court must take place in said district.  Fed. R. Crim. Pro. 5(c)(1)(A).

In the present case, petitioner appeared before the District Court at his initial

hearing, arraignment, plea allocution, and at sentencing.  Thus, by his presence,

personal jurisdiction is presumed.  In terms of venue, plaintiff was arrested in Yonkers,

New York after he showed an undercover agent a one-kilogram package of cocaine.

Government Resp. at 2.  The Government properly filed the Information against

petitioner in the U.S. District Court of the Southern District of New York because

Yonkers is located in Westchester County, New York.  Id. at 3.  Thus the District Court

was the proper venue for and had personal jurisdiction to adjudicate petitioner's criminal

matter.

(B) Subject Matter Jurisdiction

The Constitution and federal laws define courts' subject matter jurisdiction.  The

Constitution provides that:

> The judicial Power shall extend to all Cases, in Law and Equity, arising
> under this Constitution, the Laws of the United States, and Treaties made,
> or which shall be made, under their Authority; . . . -- to Controversies to
> which the United States shall be a Party;--to Controversies . . . -- between
> citizens of the same state . . . and between a state, or the citizens thereof,
> and foreign states, citizens or subjects.

U.S. Const. art. III, § 2, cl. 1.  Furthermore, "district courts of the United States shall

have original jurisdiction, exclusive of the courts of the States, of all offenses against the

laws of the United States."  18 U.S.C. § 3231.

In the present matter, petitioner was charged with offenses against the laws of

the federal government, specifically 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846.

Government Resp. at 3.  As such, the United States was a party to the "Controversy"

within the meaning of judicial jurisdiction described in Article III, Section 2 of the Constitution.  Construing petitioner's complaint broadly, his status as a citizen of Mexico is of no consequence in determining subject matter jurisdiction of his criminal case. Simply put, he violated the laws of the United States while in this country.  Therefore, the District Court had subject matter jurisdiction to preside over all of petitioner's initial criminal proceedings in this matter.

For the reasons stated above, it is respectfully recommended that petitioner's claims regarding personal and subject matter jurisdiction should be denied.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner asserts that he was denied effective assistance of counsel, alleging that his attorney misled him, assisted in prosecutorial misconduct, and was "essentially dysfunctional violating discovery."  Pet. Mot. ¶ 12(B); 13.  The Government contends that petitioner failed to submit facts to substantiate his claim.

Unlike petitioner's other claims, § 2255 claims of ineffective assistance of counsel are not procedurally barred even though he failed to raise his claim on direct appeal.  Massaro v. United States, 538 U.S. 500, 509 (2003).  In order to prevail on a claim of ineffective assistance of counsel, petitioner must demonstrate: (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).  Both prongs of the test must be met in order for petitioner to prevail.  See United States v. Campbell, 300 F.3d 202, 214 (2d Cir. 2002).  In order to establish the

second prong in the context of guilty pleas, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A strong presumption exists that the "defense counsel's conduct fell within the broad spectrum of reasonable professional assistance," and the petitioner bears the burden of proving the elements of the Strickland test.  Cisse v. United States, 330 F. Supp. 2d 336, 342 (S.D.N.Y. 2004) (citations omitted).  Accordingly, a "habeas petition may be denied 'where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous.'"  Angel v. Garvin, No. 98 Civ. 5384, 2001 WL 327150, at *8 (S.D.N.Y. April 3, 2001) (citing United States v. Malcolm, 432 F.2d 809, 812 (2d Cir. 1970)).

In connection with petitioner's present claim, the Court appointed attorney Sam Braverman to be petitioner's counsel for his criminal proceedings.  Pet. Mot. ¶ 12(B). Mr. Braverman represented petitioner at his preliminary hearing, arraignment, plea, and sentencing.  Id. ¶ 15.  At his plea allocution, petitioner testified that: (1) he was satisfied with Mr. Braverman's services, Government Ex. B, Plea Colloquy Tr. 4:5-8; (2) Mr. Braverman explained to him the waiver of indictment, id. at 4:19-24; (3) an interpreter helped him to understand the terms of his plea agreement and no one coerced him into signing it, id. at 9:4-25; (4) Mr. Braverman discussed the charges against him, id. at 10:4-6; and (5) Mr. Braverman explained how the sentencing guidelines may apply to his case, id. at 12:23-25.  During his plea allocution, the Court afforded petitioner time to confer with his attorney when he had an additional question; and only proceeded when petitioner did not have any more questions.  Id. at 17:9-22.

6

In contrast to said testimony, petitioner claims that his attorney was ineffective. However, petitioner only offers conclusory statements to support his claims that his attorney misled him, colluded with the prosecution, and made errors in discovery. Petitioner does not identify counsel's alleged failings with any specificity or demonstrate how any different conduct might have changed the result of his plea, his sentencing, or any other aspect of his criminal case.  As such, petitioner fails to establish that his attorney's performance fell below an objective standard of reasonableness. Accordingly, I respectfully recommend that petitioner's claim of ineffective assistance of counsel should be denied.

## V.  ALL OTHER CLAIMS

In support of his § 2255 motion, petitioner further asserts that he was searched and detained in violation of his due process rights; his plea was not voluntary and intelligent; he was denied the right to a jury; there was prosecutorial misconduct; his sentence was excessive; and he is actually innocent.  The Government argues that petitioner waived his right to appeal his sentence, thus his § 2255 motion should be dismissed.  Moreover, the Government contends that because petitioner failed to raise these claims on direct appeal, said claims are procedurally barred.  Finally, the Government asserts that petitioner failed to submit evidence to support his claims, so they are substantively without merit.

Generally, a petitioner is procedurally barred from litigating claims via a § 2255 motion if he did not first raise those claims on direct appeal.  United States v. Pipitone,

67 F.3d 34, 38 (2d Cir. 1995).  In order to bypass this requirement, the petitioner must

"'show that there was cause for failing to raise the issue, and prejudice resulting

therefrom.'"  Id. (citing Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993));

Campino v. United States, 968 F.2d 187, 190 (2d Cir. 1992).  Cause "'must be

something *external* to the petitioner, something that cannot be fairly attributed to him.'"

Id. (citations omitted) (emphasis in the original).  Additionally, if a petitioner can

establish that he is actually innocent of the crime of which he was convicted, the

procedural bar also would not apply.  Mendivelso v. United States, 507 F. Supp. 2d 331,

340 (S.D.N.Y. 2007).

(A) Actual Innocence Claim

Petitioner states, "no court has a right to imprison a citizen or a [sic] alien who

has violated no law" and "Constitution violation resulted in the conviction actually

innocent of the crime."  Pet. Reply at 4.  As such, the Court construes his statements to

allege that he is actually innocent of the crime to which he pled guilty.  However,

petitioner does not assert any facts to substantiate said claim.  Rather, the record

demonstrates that petitioner: (1) agreed with others to distribute and possess with the

intent to distribute cocaine; (2) the amount of cocaine that he agreed to distribute and

possess exceeded five kilograms; (3) showed an undercover officer a one-kilogram

package of cocaine; (4) knew there was more cocaine in the van; and (5) knowingly and

willfully engaged in said acts.  Government Ex. B, Plea Colloquy Tr. 20:1-22:13.  As

such, nothing in the record supports a finding of actual innocence.  Accordingly,

petitioner cannot invoke said claim to bypass the procedural bar.

(B) Excessive Sentence Claim

8

As part of the Plea Agreement, petitioner waived his right to appeal, either directly or via a § 2255 motion, any sentence within or below the Stipulated Guidelines Range of 120-135 months.  Government Ex. A, Plea Agreement at 4; Government Ex. B, Plea Colloquy Tr. 13:23-25.  Nonetheless, petitioner now contends that his sentence was excessive.

Where a petitioner "has knowingly and voluntarily waived his right to appeal or challenge a sentence within a stipulated Guidelines range, he may not subsequently appeal or challenge a sentence imposed within that range."  Mendivelso, 507 F. Supp. 2d at 336 (citation omitted).  However, when the petitioner alleges that his waiver was not knowing and voluntary or claims ineffective assistance of counsel, his waiver may be challenged.  Id. at 336-37.  In determining whether a petitioner has sufficiently alleged that his waiver was not voluntary and knowing, courts may rely on the petitioner's statements and the plea agreement itself to determine petitioner's state of mind.  Id. at 337 (citation omitted).  Additionally, "mere allegations of ineffective assistance of counsel are not enough to undermine the waiver-of-appeal provision in the plea agreement."  Id. (citation omitted).  Furthermore, waiving one's right to appeal a sentence pursuant to a plea agreement does not meet the "cause" requirement to bypass a procedural bar.  Pipitone, 67 F.3d at 38-39.

Here, petitioner testified that he, with the assistance of an interpreter, read and understood the Plea Agreement and signed it "freely and voluntarily."  Government Ex. B, Plea Colloquy Tr. 9:2-25.  The undersigned also advised petitioner that under certain circumstances, petitioner had "the right to appeal any sentence that the Court would impose, subject to the terms of the plea agreement."  Id. at 13:14-19.  At sentencing,

petitioner was again advised of his right to appeal his conviction and sentence.

Government Ex. C, Sentence Tr. 15:16-24.  Petitioner was sentenced to 108 months of

imprisonment.  Id. at 12:16-21.

Said sentence fell below the Stipulated Guidelines Range in petitioner's Plea

Agreement.  Thus, petitioner waived his right to appeal his sentence knowingly and

voluntarily.  See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001)

(enumerating factors similar to the above demonstrating that petitioner knowingly and

voluntarily waived his right to appeal).  Additionally, although petitioner alleged

ineffective assistance of counsel, as discussed above, said claim is conclusory.  As

such, petitioner is bound by the waiver, he cannot overcome the enforceability of said

waiver, and this limitation does not meet the "cause" standard to bypass the procedural

requirements of a § 2255 motion.

(C) Remaining Claims

As to petitioner's claims that he was searched and detained in violation of his due

process rights; his plea was not voluntary and knowing; he was denied a trial by jury;

and there was prosecutorial misconduct, petitioner has not directly appealed said claims

before bringing the present § 2255 motion.  Pet. Mot. ¶¶ 8 -11(c).  As stated above,

petitioner is barred from raising these claims unless he can establish cause and

prejudice, or that he is actually innocent.  As the record does not support a finding of

actual innocence, petitioner must establish cause and prejudice in order to succeed on

said remaining claims.

Petitioner asserts that he did not directly appeal his conviction and sentence

because he does not speak English and his attorney did not speak Spanish.  Id. ¶ 11(d).

However, petitioner does not submit evidence demonstrating that said circumstance meets the cause and prejudice standard.  To the contrary, the record indicates that petitioner was not prejudiced in any way because he had the assistance of an interpreter.  See Government Ex. B, Plea Colloquy Tr. 9:2-10 (petitioner had the assistance of an interpreter to read and understand the Plea Agreement); id. 2:13-19 (interpreter sworn in for arraignment and plea allocution); id. 3:13-15 (petitioner testified that he could understand the plea proceedings with the aid of the interpreter); Government Ex. C, Sentence Tr. 2:1-6 (interpreter sworn in for sentence hearing).  Further, petitioner's testimony in open court was that he understood the (1) proceedings with the assistance of an interpreter; (2) consequences of waiving indictment and the right to appeal; and (3) consequences of his plea.  Government Ex. B, Plea Colloquy Tr. 3:13-15, 6:8-22, 13:1-14:23.  As such, the Court is entitled to rely on said statements.  Hanna v. United States, No. 97 Civ. 970, 2001 WL 1720613, at *5 (E.D.N.Y. Dec. 27, 2001).  Thus, the Court concludes that the alleged language barrier did not amount to prejudice in petitioner's criminal proceedings.  Therefore, it cannot support an exception to petitioner's procedural bar.

Petitioner also appears to assert that he has met the cause and prejudice standard because the prosecution allegedly withheld favorable evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963).  Pet. Reply at 4.  However, assuming, arguendo, that Brady established that withholding evidence met the cause and prejudice standard to bypass a direct appeal, petitioner has not asserted any evidence to support his claim.  Petitioner simply states, "Cause and prejudice standard ment [sic]," followed by a citation to Brady.  Pet. Reply at 4.  It is unknown to the Court what

11

evidence, if any, petitioner alleges was withheld by the prosecution.  As such, petitioner

has not met his burden of proving the factual predicate for said claim.

Thus, petitioner has not met the cause and prejudice standard to bypass the

procedural bar to the remaining claims in his § 2255 motion.

(D) The Savings Clause

To the extent that petitioner appears to invoke the Savings Clause of § 2255,

seeking a writ of habeas corpus, such relief is not available here.  The Savings Clause

allows a petitioner, who could apply for relief via a § 2255 motion but failed to do so, to

make application for a writ of habeas corpus where "remedy by motion is inadequate or

ineffective to test the legality of [petitioner's] detention."  28 U.S.C. § 2255(e).  However,

failure to raise a claim on direct appeal does not meet the "inadequate or ineffective"

standard.  Jiminian v. Nash, 245 F.3d 144, 147-48 (2d Cir. 2001).  Rather, "inadequate

or ineffective" minimally requires that a petitioner cannot bring a § 2255 motion and "the

failure to allow for collateral review would raise serious constitutional questions."

Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997).

Here, it appears that petitioner alleges, in addition to the above claims, that his

actual innocence, the erroneous application of relevant law, and the retroactive

application of new law warrant the invocation of the Savings Clause.  Pet. Reply at 1, 4,

5.  As discussed above, petitioner's actual innocence claim is without factual support.

Further, because petitioner could have raised claims that he was searched and

detained in violation of his due process rights; his plea was not voluntary and knowing;

he was denied a trial by jury; and that there was prosecutorial misconduct on direct

appeal, he cannot meet the "inadequate or ineffective" standard.  Next, petitioner does

not submit any facts to establish that his conviction or sentence was (1) a result of the erroneous application of law or (2) would change as a result new law retroactively applied.  As such, the Court cannot conclude that either a direct appeal or § 2255 motion would be inadequate or ineffective to test the legality of petitioner's detention. Thus, in the present case, "failure to permit review of [said claims] would not 'raise[] serious constitutional questions.'"  Jiminian, 245 F.3d at 147 (citing Triestman, 124 F.3d at 377).  Accordingly, petitioner cannot invoke the Savings Clause.

For the above reasons, it is respectfully recommended that said remaining claims should be denied.

## VI. CONCLUSION

For the foregoing reasons, I respectfully recommend that petitioner's § 2255 motion should be denied in its entirety.

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2255 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2255 proceedings; Fed. R. Civ. P. 6(e).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The

from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2255 proceedings; Fed. R. Civ. P. 6(e).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: April _____, 2009
       White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE